## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

|  |  |
|---|---|
| BARRY COHEN,<br><br>    Plaintiff,<br><br>-vs-<br><br>JEFF J. HORN AND THE HORN LAW GROUP, LLC<br><br>    Defendants. | Civil Action No.: |

### NOTICE OF REMOVAL

In accordance with Local Rule 10.1, Defendants Jeff J. Horn and The Horn Law Group, LLC ("Defendants") state that their business address is 801A Main Street, Toms River, New Jersey 08753. Defendants further state, on information and belief, that Plaintiff's address is 18 Petalcup Place, The Woodlands, Texas 77381.

Pursuant to 28 U.S.C. §§ 1332, 1441(a)-(b), and 1446, Defendants file this Notice of Removal to remove the action titled <u>Barry Cohen v. Jeff J. Horn and The Horn Law Group, LLC</u>, Docket No. OCN-L-263-19, from the Superior Court of New Jersey Law Division, Ocean County, to the United States District Court for the District of New Jersey, Trenton Vicinage.  This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b)(1), as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest

and costs.

In support of this Notice of Removal, Defendants respectfully state as follows:

**A. Timeliness of Removal, Consent to Removal, and Non-Waiver of Defenses**

1. This action was originally filed by Plaintiff Barry Cohen on January 29, 2019, in the Superior Court of New Jersey Law Division, Ocean County, and assigned Docket Number OCN-L-263-19.

2. A true and correct copy of the Complaint with Exhibits A to I and Plaintiff's Request for Admissions filed in this case on January 29, 2019, in the Superior Court of New Jersey, as retrieved from the Judiciary eCourt System-Civil Part or as served on Defendants, is attached hereto as "Exhibit A" (with information redacted as required by Fed. R. Civ. P. 5.2) and incorporated herein by reference.

3. Plaintiff's Complaint asserts a claim of legal malpractice against the Defendants. Defendants deny that Plaintiff is entitled to relief on his claim.

4. Plaintiff's claim relates to legal services he alleges were provided to him by Defendants in connection with the Last Will and Testament of Harry Cohen which was filed in the Ocean County Surrogate's Court on July 27, 2011. (Exhibit A, ¶3).

5. Plaintiff alleges during Defendants legal representation of him they

"were negligent and/or committed malpractice..." (Exhibit A, ¶6).

6.      As a result of the Defendants alleged negligence and/or malpractice Plaintiff claims that in his capacities as a co-trustee and as a beneficiary under the Last Will and Testament of Harry Cohen, he sustained damages of at least $400,000. (Exhibit A, ¶7).

7.      Removal of this action is timely. This Notice of Removal is being filed within 30 days after receipt of the Complaint.  28 U.S.C. § 1446(b)(1).

8.      By removing this action to this Court, Defendants do not waive and expressly reserves all defenses available to them.

**B.      Diversity Jurisdiction**

9.      The basis for removal is diversity of citizenship under 28 U.S.C. § 1332.

10.      Pursuant to 28 U.S.C. §§ 1332(a) and 1446(c)(2), removal is proper if the court finds, by preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of costs and interest, and there is complete diversity of citizenship.

11.      Plaintiff asserts that he resides in The Woodlands, Texas 77381. (Exhibit A, ¶1).

12.      Defendant Jeff Horn is a resident of the State of New Jersey, residing at 1449 Sequoia Circle, Toms River, New Jersey.  Defendant The Horn Law Group, LLC is a limited liability company organized under the laws of the State of New Jersey

with an office address of 801 Main Street, Toms River, New Jersey 08753, and therefore is deemed a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1). (Exhibit A, ¶2).

13. There is complete diversity of citizenship between the Plaintiff and Defendants.

14. The amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The amount in controversy may be asserted in the notice of removal if the initial pleading seeks a money judgment which in this case Plaintiff has demanded an "amount of not less than $400,000 in compensatory damages..." (Exhibit A, ¶7).

**C.    Propriety of Removal to This Court**

15. The Superior Court of New Jersey Law Division, Ocean County, is located within the District of New Jersey, Trenton Vicinage. Consequently, pursuant to 28 U.S.C. § 1441(a), this action is properly removed to this Court.

**D.    Notice to State Court and Plaintiff**

16. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Superior Court of New Jersey Law Division, Ocean County. A copy of the Notice of Filing Notice of Removal is attached as Exhibit C. Defendants will also provide Plaintiffs with written notice of the filing of this Notice of Removal.

**E.**    **State Court Documents Attached and Concurrent Filings with the Court**

17.    Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders" from the docket in the state court action are attached hereto as Exhibit A. This includes all such process, pleadings and orders that have been served on Defendants.

18.    A Civil Cover Sheet will be filed concurrently with this Notice of Removal.

## CONCLUSION

For the foregoing reasons, Defendants respectfully remove this action to the United States District Court for the District of New Jersey, Trenton Vicinage, and respectfully requests that no further proceedings be held in this action in the Superior Court of New Jersey Law Division, Ocean County.

Dated:  February 13, 2019

Respectfully submitted,

By:  /s/ Meredith Kaplan Stoma
     MEREDITH KAPLAN STOMA, ESQ.
     MORGAN MELHUISH ABRUTYN
     651 Old Mount Pleasant Avenue, Ste. 200
     Livingston, NJ 07039
     (973) 863-7623
     mstoma@morganlawfirm.com
     Attorneys for Defendants, Jeff J. Horn and
     The Horn Law Group, LLC

{01605717}

# EXHIBIT A

BATCH _____ &.00

(CK)  MO   CA

CK/Rec# _1134_

Amount $ _250_

DATE _7/29/19_

OVP _____

Initials _____ QT

**BARRY COHEN**
**18 Petalcup Place**
**The Woodlands, Texas 77381**
**Phone: (713)805-4466**

| | |
|---|---|
| Barry Cohen | SUPERIOR COURT OF NEW JERSEY |
| : | CIVIL DIVISION, OCEAN COUNTY |
| VS. | Docket No. |
| Jeff J. Horn and The Horn | CIVIL ACTION |
| Horn Law Group, LLC | PLAINTIFF'S ORIGINAL COMPLAINT |

COMES NOW, Barry Cohen, Plaintiff, and brings this action for damages against Jeff J. Horn and The Horn Law Group, Defendants, and in support hereof would respectively show unto the Court the following facts and matters, to-wit:

1. Plaintiff is an adult resident of the State of Texas, residing at 18 Petalcup Place, The Woodlands, Texas 77381.

2. Defendant Jeff Horn is an adult resident of the State of New Jersey, residing at 1449 Sequoia Circle, Toms River, New Jersey. Defendant The Horn Group, LLC is a New Jersey Limited Liability Company. Defendants can be found for service of process at the current business · address of The Horn Law Group (of which Defendant is the registered agent), 801 Main Street, Toms River, Ocean County, New Jersey 08753. Further, the cause of action which is the subject matter of this suit occurred and accrued in Ocean County, New Jersey.

3. In July, 2016, Defendant undertook to provide legal services for Plaintiff in connection with The Last Will and Testament of Harry Cohen, filed for record in the Ocean County Surrogate's Office on July 27, 2011 (hereinafter the "Legal Matter"), and as evidenced by the signatures on the Engagement Letter dated May 3, 2016 (the "Engagement Letter") (see Exhibit "A"). At all times, Defendants held themselves out as competent and capable in the area of law dealing with the Legal Matter for which Plaintiff retained the services of Defendants, and Plaintiff relied on the competence and capabilities presented to him by Defendants. Plaintiff and Defendants acted under an attorney/client relationship in which Defendants undertook to represent Plaintiff.

4. Defendants were required to exercise the same care as a reasonably competent attorney and a competent and capable law group, and to use reasonable care in determining and implementing a strategy to be followed to achieve Plaintiff's legal goals. As a fiduciary to Plaintiff, Defendants were obligated to treat all information relating to Plaintiff's representation as confidential and to zealously represent the Plaintiff's interests.

5. In the course of handling the Legal Matter for the Plaintiff, Defendants negligently failed to act with the degree of competence generally possessed by attorneys and law firms in the State of New Jersey who handle legal matters similar to the Legal Matter. Plaintiff paid Defendants a substantial money for the sole purpose of representing Plaintiff in said Legal Matter.

6. Defendants were negligent and/or committed malpractice and breached the contract created by the Engagement Letter fiduciary duties to Plaintiff in the following regard:

   a. Defendants failed to honor the Case Management and Scheduling Order attached hereto as Exhibit "B" (the "Scheduling Order") signed by him agreeing to the form and content therein, and treated the Scheduling Order with blatant and reckless disregard by:

      1. Failing to require that the defendant in the Legal Matter respond to requests for discovery on or prior to the date that the responses were due without seeking an extension of the dates listed in the Scheduling Order

      2. By granting counsel in the Legal Matter an extension to respond to discovery requests without Plaintiff's knowledge or consent some two weeks after said responses were past due (See Exhibit "C"), notwithstanding the fact that Plaintiff had instructed Defendants that, due to the deadlines imposed by the Scheduling Order, he did not consent to any extensions.

      3. By not timely scheduling the deposition of the key witness in the Legal Matter or issuing a subpoena duces tecum for the production of the records of said witness, despite numerous discussions about the importance of the records of said key witness (See Exhibit "D").

      4. By scheduling the deposition of the key witness in the Legal Matter for a date after the deadline imposed by the Scheduling Order (See Exhibit "E").

      5. By consenting to rescheduling the deposition of the key witness in the Legal Matter to a date after the discovery cutoff date.

6. By consenting to rescheduling the deposition of said key witness and production of the relevant documents to a date that was after the discovery cut-off date in the Scheduling Order without Plaintiff's consent and contrary to Plaintiff's specific instructions and wishes.

7. By subpoenaing records that Defendants were asked by Plaintiff not to subpoena because they were available by an Open Records Request that Plaintiff had made because Defendants had not done so with a return date after the discovery cut-off date (See Exhibit "F").

b. Defendants were negligent in their duties to Plaintiff and failed to act with the degree of competence generally possessed by attorneys and law firms in the State of New Jersey as follows:

1. By taking no action when, on the morning of the scheduled deposition and document production of a key witness, the attorney for the defendant in the Legal Matter served a Motion to Quash the deposition of the key witness and production of the relevant documents, including without limitation filing pleadings regarding the late filing of said Motion to Quash while the attorney for the Plaintiff.

2. By not noticing and/or notifying Plaintiff that the deadlines set out in the Scheduling Order had passed.

3. By not requesting that the Court amend the Scheduling Order to extend the dates set out therein.

4. By not taking any action after being informed that the attorney for the defendant in the Legal Matter had contacted the key witness after service of the deposition notice and subpoena duces tecum other than to consent without Plaintiff's approval to reschedule the deposition.

5. By failing to respond to the Motion to Quash of said key witness when in receipt of drafts of responsive documents, while Defendants were the attorney of record for Plaintiff.

6. By not filing any responsive pleadings when a Motion to Quash was filed by defendant in the Legal Matter's attorney relating to the records he was told not to subpoena, while Defendant was attorney of record for Plaintiff.

7. By not reviewing a document filed by the defendant in the Legal Matter to verify its originality and validity, despite promising Plaintiff for some 3 months that he would do so (See Exhibit "G").

8. By not providing Plaintiff with a revised Notice of Hearing rescheduling of a Motion from February 9, 2017 to February 6, 2017, the same date that Defendants' hearing on its Motion to Withdraw was being heard.

9. By not requesting that the Court honor the New Jersey Rules of Professional Conduct and by allowing motions to quash to which Defendants did not respond while attorney of record for Plaintiff to be heard and rulings entered.

10. By stating that they could not handle the case and would not proceed so that Plaintiff could retain new counsel when there were several matters pending that required Defendants to respond (See Exhibit "H").

11. By not filing pleadings responsive to any of the defendant in the Legal Matter's pending motions despite the fact that Defendants were the attorney of record when those motions were scheduled to be heard by the Court.

12. By holding himself out as the attorney for Plaintiff in the Legal matter but not representing the interests of Plaintiff.

13. By failing to provide Plaintiff with the minimum standard of care.

14. By not following the strategy agreed upon between Plaintiff and Defendants.

15. By not taking any action whatsoever when counsel for the defendant in the Legal Matter did not respond to discovery requests by the date that Defendants had agreed to without obtaining Plaintiff's approval or consent.

16. By failing to notify Plaintiff that The Horn Law Group was a solo practitioner until after the expiration of the dates set forth in the Scheduling Order (see Exhibit "I")

17. By failing to properly supervise a non-licensed legal professional who, when questioned about why Plaintiff's responses to Defendant's discovery requests were not timely filed, said that they weren't due for another 30

days although the Scheduling Order clearly stated otherwise (See Exhibit "J").

18. By not providing Plaintiff with a complete copy of the file relating to the Legal Matter until after the filing of their Motion to Withdraw and approximately two weeks before the hearing on said Motion to Withdraw and by withholding all notes and records of telephonic strategy conferences held between Plaintiff and Defendants when Defendants finally did produce an incomplete file.

7. As a direct and proximate result of Defendants' negligence and/or malpractice, Plaintiff, in his capacities as a co-trustee and as a beneficiary under the Last Will and Testament of Harry Cohen, sustained damages in the minimum amount of $400,000 plus interest in addition to the legal fees, costs and expenses incurred by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby demands judgment of and from Defendants in the amount of not less than $400,000 in compensatory damages, reimbursement of all legal fees paid to Defendants, together with pre-judgment and post-judgment interest and interest accrued herein, as well as such other and further relief as the Court may deem just and equitable.

## VERIFICATION

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know its contents. Such contents are true of my own knowledge. I understand that if any of my statements are willfully false I am subject to punishment.

**RULE 4:5-1 CERTIFICATION**

I certify that at this time, upon information and belief, the matter in this controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated. I presently do not know of any other party who should be joined in this action.

Respectfully submitted,

Barry Cohen, Plaintiff Pro Se
18 Petalcup Place
The Woodlands, Texas 77381
(713) 805-4466

**Exhibit A**

**HORN LAW GROUP, LLC**
**801A MAIN ST**
**TOMS RIVER, NJ 08753**
**www.HornLawGroup.net**
**(732) 736-9300**
**Fax (732) 281-2914**

**AGREEMENT TO PROVIDE**
**LEGAL SERVICES**

THIS AGREEMENT, dated MAY 3, 2016, is made

BETWEEN, BARRY COHEN, Co-Trustee of the Estate of Harry Cohen

Home Address:

Street: 18 Petalcup Place

City: The Woodlands

State/Zip: Texas 77381

Telephone: CELL 713-805-4466

Email Address: CeCoRe@aol.com

Referred to as the "Client" or "You;"

and, **HORN LAW GROUP, LLC**

Referred to as the "Law Firm" or "We".

**1. AGREEMENT:**

By this Agreement, you have retained the Law Firm to represent you in the ESTATE/SURROGATE COURT dispute regarding the E/O HARRY COHEN between you and SELMA COHEN in the Superior Court of New Jersey. You and the Law Firm may make additional agreements to provide legal services which are not covered by this Agreement; however, without such agreements, the Law Firm is not required to represent you as to any legal matter or in any litigation (other than in the matter for which the Law Firm is being retained). Unless we agree to participate, and reach a separate retainer agreement with you, we are not obligated to do any of the following work:

      A.    File or pursue the appeal or reconsideration of any order entered during our representation of you unless subsequently discussed and agreed;

**SPECIAL LIMITATIONS:** Ordinarily, clients seeking legal representation on a matter wish for our firm to provide complete representation related to that matter, without limitation to the scope of our work. However, it is our right to limit that representation, and your right to seek limited representation should you so desire. Any such limitations are set forth below:

**PHASE I -- Review of client-supplied documents; phone calls with client; draft letter to Selma demanding an accounting and establishment of the trust - fixed fee and hourly rates do not apply.**

**Phase II -- Initiate Complaint and OSC to establish trust and accounting.**

## 2. METHOD BY WHICH OUR FEE WILL BE COMPUTED:

The Law Firm cannot predict or guarantee the total amount of fees and disbursements necessary to prosecute your matter. This will depend on the time spent on your case and the amount of all necessary costs. You pay for our time spent working on your matter, travel time, and time waiting in Court, or elsewhere, to appear on your matter. All services will be charged at a minimum of 2/10ths of an hour, except for messages left on voicemail, answering machines or with persons (as to which a minimum of 1/10th of an hour shall apply).

You agree to pay the Law Firm for legal services at the following hourly rates:

| | |
|---|---|
| Jeff J. Horn: | $400.00 per hour |
| Any Associates | $300.00 per hour |
| Outside Counsel | $225.00 per hour |
| Paralegal services | $115.00 per hour |

**Change in Hourly Rates**. We reserve the right to change the hourly rate schedule as listed above. In such event, you will be notified of the increase, and given the opportunity to elect to continue with our representation at the modified rate, or seek new counsel.

**Increased Legal Fees**. The Rules of Court allow attorneys to charge additional fees in certain cases. If the circumstances of your case warrant or justify an increased fee, the reasonable amount of same will be thoroughly discussed with you and only charged upon your agreement to pay such an increased fee.

**Expenses and Disbursements (Costs)**. In addition to legal fees, the following customary disbursements and expenses associated with your matter will be reflected on monthly statements: court costs, service fees, messenger services, electronic research fees, photocopying charges (15 cents per page), travel costs, postage, and any other necessary expenses incurred on your behalf as and when billed to you. In addition to the customary costs and expenses set forth above, the Law Firm may require that the services of outside persons be retained and services incurred directly by you. These may include experts such as accountants, appraisers, investigators, and other charges such as court reporters, mass photocopy services, etc. You would then be solely

2

responsible to pay for such services directly and immediately upon notification. At the Law Firm's option, some of these expenses (such as, typically, deposition fees or charges for mass photocopy services) may be paid by the Law Firm directly, and will be reflected on monthly statements.

**Commencement of Billing:** The Law Firm offers an initial no cost telephone or in-office consultation. Beyond that initial consultation, all services rendered will be billed pursuant to the agreement notwithstanding that this agreement may be signed concurrent or soon after the commencement of billable services.

**Efficient Use of Law Firm Services:** The Law Firm will attempt to render services efficiently. This will include transmitting documents to you via e-mail, scheduling telephone conferences at mutually convenient times, and copying documents to you without a cover letter. Paraprofessional staff will be utilized to efficiently process documents in your case and paraprofessional staff will provide intake for issues which require rapid response.

## 3. PAYMENT FOR LEGAL SERVICES AND COSTS

**Form of Payment:** Checks, cash, money orders and wire transfers are accepted. For your convenience, Paypal, Visa, Mastercard, American Express, and Discover Card are accepted without a service fee to you. The client acknowledges that the Law Firm bills for time expended on the client's matter.

**Retainer.** The Law Firm will begin work on your case upon receipt of a copy of this agreement signed by you and an initial retainer payment in the amount of
**PHASE I - $500 fixed fee**
**PHASE II $3,500 – Initiate Complaint and Order to Show Cause.** The Law Firm will place all payments received on account of legal services and costs in its Attorney Business Account. If the Law Firm is discharged from representing you, or if the Law Firm withdraws its representation, any unused portion of the retainer will be refunded to you 45 days after termination of our services.

**Trial Retainer.** In the event that your matter does not settle and it appears that it will have to be tried, any outstanding balance must be paid in full 20 days prior to the trial date. In addition, prior to commencing the trial, you will be required to provide a trial retainer calculated as the product of: (a) the hourly rate of the attorney(s) who will try the matter; times (b) 8 hours per day; times (c) the number of days which the Law Firm anticipates will be necessary to complete the trial.

**Effect of Court Awards or Agreements Concerning the Payment of Legal Fees and Costs.** It is possible that your Adversary will be court-ordered to, or agree to, pay for some or all of the legal services and costs covered under this Agreement. Your obligation to the Law Firm is not diminished by such an agreement or award. Only money that is actually paid by your Adversary will be applied to reduce the amount you may owe. Any overpayment resulting there from will be carried as a credit toward future

statements, or, if received at the end of the Law Firm's representation of you, refunded to you. The Law Firm is not required to sue your Adversary to collect any money due.

**Pursuit of Fees.** If the law firm pursues the collection of legal fees against you or your Adversary, you will be billed for actual time spent and costs incurred at the associates rate in effect at the time of the collection action.

**NOTICE:** The client acknowledges that time may be expended and billed for tasks, which do not materially contribute to the resolution of the case, to include, but not by way of limitation, waiting time at the courthouse, pleadings, correspondence drafted but not filed and legal research performed but not acted upon. Notwithstanding the efficacy of said efforts, the client will be billed for and be responsible for payment for said items.

**Statements of Fees and Costs:** The Law Firm will send you itemized statements on a monthly basis reflecting the actual time spent, fixed services, and costs incurred. The statements contain language showing a "credit balance" until the initial retainer is exhausted. If no comment is received from you within 5 business days of receipt of the statement, it will be deemed satisfactory and accepted by you. All statements for costs and legal expenses showing an amount owing are due immediately upon receipt. If you do not pay the fees and disbursements within the time required in this agreement, then interest shall accrue at a monthly rate of 1% on any balance overdue.

**Refund of Retainer/Minimum Fee Due.** In the event that the amount of time we spend on your case and the resulting fee generated is less than the amount of money you have paid us, the unused money shall be promptly returned to you.

## 4. YOUR RESPONSIBILITIES:

In addition to and as a supplement of the attached Client Responsibilities, you must:

(1) Be fully cooperative with our efforts to represent you, and you must always make full, complete, and truthful disclosure to us of all necessary and required facts and your positions with regard to the issues, and any changes (contemplated or otherwise) in connection therewith;

(2) Not request the Law Firm to do any act or refrain from doing any act which would be either illegal or unethical;

(3) Not take or request the Law Firm to take any positions which may be unreasonable, false, illegal, unethical, contrary to law, or inimical to your (or your children's) own best interests; and

(4) Pay all statements of fees and costs as well as costs and expenses as and when required by this Agreement.

## 5. NO GUARANTEE: The Law Firm agrees to provide conscientious, competent and diligent services, and at all times will seek to achieve solutions which are just and

4

reasonable for you.    However, because of the uncertainty of this process, the interpretation and changes in the law, and many unknown factors, attorneys cannot and do not warrant, predict or guarantee results or the final outcome of any case.  Based on our experience, the Law Firm may advise you as to a range of expected resolutions under the law of any question arising during this representation of you.  However, any such communications between us discussing potential outcomes of various judicial proceedings or settlement conferences shall not rise to the level of predictions or guarantees.

**6.  WITHDRAWAL FROM LAW FIRM:**  You agree that if any statement rendered to you is unpaid in whole or in part for a period in excess of thirty (30) days overdue, or if for any other justification under this Agreement or applicable law or ethics requirements, the Law Firm has the right (subject to the Rules of Court) to withdraw from representing you.   If the Law Firm chooses not to exercise its option to withdraw from your representation at that time, it will do so only upon further arrangements being made between you and the Law Firm, satisfactory to the Law Firm, that will provide the Law Firm with:  (1) full payment of all fees, costs, and interest which may then be due hereunder; (2) a substantial additional retainer to be agreed upon; (3) satisfactory assurance of future compliance with this Agreement.  Any failure on the part of the Law Firm to insist upon strict adherence to the payment schedule specified in this Agreement or any subsequent arrangements shall not constitute a waiver of any future or similar rights which the Law Firm may have.  Except as otherwise provided herein, no waiver or change in this Agreement shall be effective or binding unless memorialized in a writing.

**7.  COMPLIMENTARY DISPUTE RESOLUTION (CDR):**  Pursuant to R. 1:40-1 et. seq., we will discuss with you, and participate on your behalf, in such settlement, mediation and/or arbitration proceedings as may be appropriate in the conduct of your case.  Attached to this Retainer is a Notice of Available CDR Options.  You must read that notice prior to our filing any court documents on your behalf.

**8.  DOCUMENT STORAGE:**  The Law Firm is required to retain certain records for a period of seven years from the end of your case.  The Law Firm will store your file electronically.   Forty-five (45) days after inactivity on your trial/termination of the representation, whichever is later, the Law Firm will transmit a letter to you directing you to pick up your paper file.  You should retain the entire file in a safe place indefinitely.  Additionally, if you desire, you can receive an electronic copy of your file on a CD-Rom (or equivalent) at a cost of $50.00.

**9.  Estate Planning.**  Not included in this scope of work unless subsequently agreed.

**10.  Credit Protection: N/A.**

**11.  Client Funds:**  If the Law Firm receives client or joint funds (except payment of retainer, costs and legal fees), those funds will be deposited in the Horn Law Group,

LLC Attorney Trust Account. You authorize the Law Firm to deposit any such funds into the Attorney Trust Account no matter to whom the payment is titled. Those funds will be escrowed pending a Court Order, agreement between the parties, or agreement between you and the Law Firm, as appropriate.

BY YOUR SIGNING THIS AGREEMENT, YOU ACKNOWLEDGE YOU HAVE READ THIS AGREEMENT (OR YOU WILL, WITHIN 24 HOURS OF SIGNING IT, READ IT),* YOU AGREE WITH ITS TERMS, AND YOU INTEND TO BE BOUND BY IT.

* If, within one business day after signing this agreement, you object to its terms, you must immediately notify us. At that time, we will stop work on your matter and refund the balance of your retainer. Beyond that you will be deemed to have accepted it as binding upon you.

For the Firm:

_____
Jeff J. Horn, Esquire

Client – BARRY COHEN
Co-Trustee of the Estate of Harry Cohen

6

**Exhibit B**

IN THE MATTER OF

THE ESTATE OF HARRY
COHEN

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION-PROBATE PART
OCEAN COUNTY
Docket No.:   192158

CASE MANAGEMENT SCHEDULING ORDER

```
F I L E D
    SEP - 7 2016
JUDGE PETERSON'S CHAMBERS
```

## THIS IS AN ORDER OF THE COURT

IT IS ON THIS ___7___ DAY OF _Sept-mbr_, 2nd ORDERED AS FOLLOWS:

| | | |
|---|---|---|
| I. | Counsel certify that no new parties shall be added to this litigation | Yes _X_ No ___ |
| II. | Counsel certify that all of the parties participated in the completion of this Order | Yes _X_ No ___ |
| III. | Discovery End Date shall be: ___3/15/17___ | |
| IV. | Discovery shall conform as listed below, with specificity and in chronological order: | |

### DISCOVERY

| | | Due Date |
|---|---|---|
| 1. | All parties to propound rogs by the due date or be subject to being barred. | 10/15/16 |
| 2. | All parties to answer rogs or be subject to being barred | 11/15/16 |
| 3. | All parties to demand production of documents by the due date with production to be accomplished within thirty (30) days thereafter or be subject to bar unless otherwise modified below: | 10/15/16 |
| 4. | Fact and party deps completed by (each party responsible for deps they want) | 12/15/16 |
| 5. | P(s) final expert reports due to be provided to defendant/counsel | 1/15/17 |
| 6. | D(s) final expert reports due to be provided to plaintiff/counsel | 2/15/17 |
| 7. | Deposition of Plaintiff's expert(s) | 2/15/17 |
| 8. | Deposition of defendant's expert(s) | 3/15/17 |
| 9. | | |
| 10. | | |
| 11. | | |

V.     It is **FURTHER ORDERED**:  ~~Respondent's Counterclaim is admitted.~~

VI. **NEXT COURT EVENT AND DATE**:

Case management Conference _____     Settlement Conference: _____
Pre Hearing Conference _____          Final hearing: _____
Other: _____                           TRIAL: _____

THE UNDERSIGNED HEREBY AGREE TO THE FORM AND CONTENT OF THIS ORDER:

Ptf. Atty: _____                        Deft. Atty. _____
Print Name:  Jeff J. Horn, Esq.             Print Name:  Christopher D. Olszak, Esq.
Atty ID#:    021371997                      Atty ID#:    017292001

Def. Atty: _____                        Deft. Atty. _____
Print Name: _____                       Print Name: _____
Atty ID#: _____                         Atty ID#: _____

JOHN A. PETERSON, JR., J.S.C.

**Exhibit C**

# OLSZAK & OLSZAK LLC
### ATTORNEYS AT LAW
1000 STATE HIGHWAY 70
LAKEWOOD, NEW JERSEY 08701
TELEPHONE (732) 367-7775
TELEFAX (732) 367-4722

DANIEL D. OLSZAK, JR., ESQ.*
EMAIL: dolszak@optonline.net

CHRISTOPHER D. OLSZAK, ESQ.*
EMAIL: olszaklaw@comcast.net

December 2, 2016

Jeff J. Horn, Esquire
801 A Main Street
Toms River, New Jersey 08753

Re:   I/M/O the Matter of Harry Cohen
      Docket No. 192158

Dear Mr. Horn:

In response to your letter dated December 1, 2016, my client will provide her responses to the Plaintiff's Interrogatories within the next 7 days.

However, I have reviewed your client's Responses to my client's Notice to Produce and Interrogatories. Your client's response to the Notice to Produce is insufficient for the following reasons:

Response 1. Your client failed to produce the complete file from Ocean County Adult Protective Services or the complete file from Manchester Township Police Department to Decedent and to Respondent. Please provide copies of these files within ten (10) days of the date of this letter.

Response 16. This is not a valid objection and Lisa Cohen is a potential witness in this matter. The notice to produce specifically requests correspondence between Lisa Cohen and any attorney, employee, or agent of the Horn Law Group. As stated in your client's response, Ms. Cohen is not a party to the lawsuit and her communications with any attorney, employee, or agent of the Horn Law Group are not privileged. These documents should be in possession of the Horn Law Group and must be provided to the Respondent. Please provide copies of these documents within seven (7) days of the date of this letter.

Your client's responses to the Interrogatories are insufficient for the following reasons:

Response 7.   Provide a copy of any records, medical or otherwise, that support the Plaintiff's contention of "Decedent's November 2009 Alzheimer's diagnosis." This request is made in conjunction with request numbers 7, 8, and 9 of the Respondent's Notice to Produce.

1

*CERTIFIED AS AN ELDER LAW ATTORNEY BY THE ABA APPROVED NATIONAL ELDER LAW FOUNDATION

Response 11.   Provide a copy of any records that confirm that the Decedent and Respondent established a Uniform Gift to Minors account through Fidelity Investments and documents to support your assertion that your client "recently learned that Respondent closed this account in 2010 and that the proceeds were paid to Respondent as Custodian in June of 2010."

Response 14.  Provide copies of any documents for the Decedent's funeral arrangement that your client alleges to have made, or the name, address, and phone number for the funeral home.

Response 17.  Provide the date of this alleged conversation in your driveway, and the date or dates that the Decedent allegedly "repeated Mr. Taff's name on numerous occasions.

Response 22.  Provide specific addresses and copies of the deeds to the "home" and "condo" that your client alleges the Decedent's owned; provide the make, model and copies of the titles to the "two automobiles" that your client alleges the Decedent owned; provide copies of any documents that support your client's allegation that the Decedent owned "stock investments"; provide a specific list of "personal items" that your client alleges the Decedent owned; provide a specific list of the "jewelry" that your client alleges the Decedent owned; provide copies of documents or identify where the Decedent kept the "cash".   Please provide a more specific response for the assets that your client alleges are in the response of "etc".

Response 23.  Provide the date that the Respondent allegedly informed you that the Decedent "took you out of his will."

Response 28.  Provide a copy of any records, medical or otherwise, that indicate that support the Plaintiff's contention that Decedent was "diagnosed with Alzheimer's 6 weeks prior to signing the 2009 Will."  This request has also been made by request numbers 7, 8, and 9 of the Respondent's Notice to Produce.

Response 32.  Provide a copy of any records, medical, police, or otherwise, that support the Plaintiff's contention that Decedent suffered from "age related mental issues."  This request has also been made by request numbers 7, 8, and 9 of the Respondent's Notice to Produce.

Response 35.  This is not a valid objection. Lisa Cohen is a potential witness and your client has not provided a response to the interrogatory, which requests more information than copies of reports.

Response 44.  Provide the current address and phone number of Beryl Carrol, Bert Bialys, and the "highly religious rabbis" that you allege made such statements and the date that such statements were made.

Response 45.   Provide the name, address, telephone number, and the substance of the information that you think or suspect each named person possesses concerning the matters at issue.

2

Response 46.  Provide the name, address, telephone number, the substance of the information that you think or suspect each named person possesses concerning the matters at issue, and any documents that qualify each individual as an "expert witness."

Response 47.  Please provide the Adult Protective Services file and the Manchester Township Police Department file within ten (10) days of the date of this letter. This request has also been made by request number 10 of the Respondent's Notice to Produce.

In the event that proper responses are not received by my office within seven (7) days of the date of this letter so that I do not have to file a motion to compel the proper responses to my client's discovery requests.

Very sincerely yours,

Christopher D. Olszak, Esquire

cc:    Selma Cohen

3

**Exhibit D**

**From:** CeCoRe@aol.com [mailto:CeCoRe@aol.com]
**Sent:** Wednesday, November 30, 2016 3:14 PM
**To:** Jeff Horn
**Subject:** Estate of Harry Cohen - Concerns

Jeff,

I haven't seen the final version of my responses to the interrogatories, which Maryann said had been forwarded to her attorney. (By the way, the cover letter from her attorney said that they were due in 30 days, but Maryann said my mother had 60 days to respond?)

More upsetting is the fact that Maryann told Lisa that you had not requested anything from Ginny yet, and that what was prepared were deposition questions. Ginny has told us as soon as my mother left the state of NJ how to get her file and never mentioned depositions (she said it could be subpoena'ed) and I think my mother's attorney needs to understand that there is a huge file on his client and on my father, and that we are serious about getting it sooner rather than later. Also, the interrogatories for Ginny were based on the interrogatories that I just responded to - so how can their set to me be acceptable but ours be deposition questions? Please at a minimum send Ginny a request for production of her file (information relating to Decedent before and after the Alzheimer's diagnosis, information relating to Respondent's mental state, lack of honesty and maybe even Respondent's relationship with my wife [she called Lisa whenever she thought someone had robbed her - both before and after my father's death, for example].

I am also concerned that you have not verified that the will attached to her response was in fact the original.

Barry

**Exhibit E**

# HORN LAW GROUP, LLC
## ATTORNEYS AT LAW
www.hornlawgroup.net
801A Main Street
Toms River, NJ 08753
732-736-9300
FAX: 732-281-2914

Jeff J. Horn                                              File No. 10179
NJ Attorney ID: 021371997

December 2, 2016

Virginia Muscarella                    (Via Hand Delivery)
Senior Services of Manchester Twsp.
1 Colonial Drive
Manchester, New Jersey 08759

       **RE:**  **In the Matter of the Estate of Harry Cohen**
               **Docket No.: 192158**

Dear Ms. Muscarella:

This office represents Barry Douglas Cohen with regard to the above-referenced matter.
Enclosed you will find a *Subpoena Ad Testificandum* requiring your presence and
testimony with regard to this matter. In addition, please find our check in the amount of
$6.00.

Thank you for your courtesies.

Very truly yours,

*Jeff J. Horn*

JJH/mt
Dictated but not read.
Enclosure

cc:    Barry Cohen (Via Email
       Christopher Olszak, Esq. (Via Email)

**Jeff J. Horn**
**N.J. Attorney ID: 021371997**
**Horn Law Group, LLC**
**Attorneys At Law**
**801A Main Street**
**Toms River, NJ 08753**
**(732) 736-9300**
**(732) 281-2914 Facsimile**
**Attorneys for Barry Douglas Cohen**

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE<br>ESTATE OF HARRY COHEN | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION-PROBATE PART<br>OCEAN COUNTY<br><br>**Docket No. 192158**<br><br>**CIVIL ACTION**<br><br>**SUBPOENA AD TESTIFICANDUM** |

The State of New Jersey, to:          Virginia Muscarella
                                      Senior Services of Manchester Twsp.
                                      1 Colonial Drive
                                      Manchester, New Jersey 08759

---

You are hereby commanded to attend and give testimony at a civil deposition at the law offices of the Horn Law Group, LLC, located at 801A Main Street, Toms River, New Jersey on **Wednesday, December 21, 2016, at 1:00 p.m.** on the part of the Plaintiff, Barry Douglas Cohen, in the above-entitled action and that you have and bring with you and produce at the same time and place, the following:

All documents and information including but not limited to the
Manchester Township Senior Services' file for Harry and Selma Cohen.

Failure to appear according to the command of this Subpoena will subject you to a penalty, damages in a Civil Suit and punishment for contempt of Court.

Dated: November 30, 2016

_____
Jeff H. Horn, Esquire
Attorney for Barry Douglas Cohen

/S/ Michelle M. Smith
Michelle M. Smith
Acting Clerk of the Superior Court

**3027**

Horn Law Group, LLC
Attorney Business Account
801A Main Street
Toms River, NJ 08753
(732) 736-9300

Santander®
Santander Bank, N.A.
60-7269/2313

12/1/2016

PAY TO THE
ORDER OF    Virginia Muscarella                                $  **6.00

Six and 00/100*************************************************************************************************  DOLLARS

Virginia Muscarella

MEMO
Subpoena Ad Testificandum                           AUTHORIZED SIGNATURE

⑈⑈0030 27⑈⑈  ⑆231372 69 1⑆  10 5 11 1 190 7⑈⑈

---

Horn Law Group, LLC                                                     **3027**

Virginia Muscarella                              12/1/2016
Subpoena Ad Testificandum - Virginia Muscarella              6.00

---

Business Account       Subpoena Ad Testificandum                       6.00

Horn Law Group, LLC                                                     **3027**

Virginia Muscarella                              12/1/2016
Subpoena Ad Testificandum - Virginia Muscarella              6.00

---

Business Account       Subpoena Ad Testificandum                       6.00

**Jeff J. Horn**
**N.J. Attorney ID: 021371997**
**Horn Law Group, LLC**
**Attorneys At Law**
**801A Main Street**
**Toms River, NJ 08753**
**(732) 736-9300**
**(732) 281-2914 Facsimile**
**Attorneys for Barry Douglas Cohen**

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF HARRY COHEN | : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION-PROBATE PART OCEAN COUNTY <br><br> **Docket No. 192158** <br><br> **CIVIL ACTION** <br><br> **ACKNOWLEDGMENT OF SERVICE** |

The undersigned does hereby acknowledge service of a *Subpoena Ad Testificandum* on this _____ day of _____, 2016.

_____

_____
Date

_____
Served by Marianne Taft

**Exhibit F**

# HORN LAW GROUP, LLC
## ATTORNEYS AT LAW
www.hornlawgroup.net
801A Main Street
Toms River, NJ 08753
732-736-9300
FAX: 732-281-2914

**Jeff J. Horn**
**NJ Attorney ID: 021371997**

**File No. 10179**

December 2, 2016

Virginia Muscarella                     (Via Hand Delivery)
Senior Services of Manchester Twsp.
1 Colonial Drive
Manchester, New Jersey 08759

     **RE:  In the Matter of the Estate of Harry Cohen**
           **Docket No.:  192158**

Dear Ms. Muscarella:

This office represents Barry Douglas Cohen with regard to the above-referenced matter. Enclosed you will find a *Subpoena Ad Testificandum* requiring your presence and testimony with regard to this matter. In addition, please find our check in the amount of $6.00.

Thank you for your courtesies.

Very truly yours,

*Jeff J. Horn*

JJH/mt
Dictated but not read.
Enclosure

cc:    Barry Cohen (Via Email
       Christopher Olszak, Esq. (Via Email)

**Jeff J. Horn**
**N.J. Attorney ID: 021371997**
**Horn Law Group, LLC**
**Attorneys At Law**
**801A Main Street**
**Toms River, NJ 08753**
**(732) 736-9300**
**(732) 281-2914 Facsimile**
**Attorneys for Barry Douglas Cohen**

|  |  |
|---|---|
| IN THE MATTER OF THE ESTATE OF HARRY COHEN | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION-PROBATE PART OCEAN COUNTY |
| | **Docket No. 192158** |
| | **CIVIL ACTION** |
| | **SUBPOENA AD TESTIFICANDUM** |

The State of New Jersey, to:

Virginia Muscarella
Senior Services of Manchester Twsp.
1 Colonial Drive
Manchester, New Jersey 08759

---

You are hereby commanded to attend and give testimony at a civil deposition at the law offices of the Horn Law Group, LLC, located at 801A Main Street, Toms River, New Jersey on **Wednesday, December 21, 2016, at 1:00 p.m.** on the part of the Plaintiff, Barry Douglas Cohen, in the above-entitled action and that you have and bring with you and produce at the same time and place, the following:

All documents and information including but not limited to the
Manchester Township Senior Services' file for Harry and Selma Cohen.

Failure to appear according to the command of this Subpoena will subject you to a penalty, damages in a Civil Suit and punishment for contempt of Court.


Dated: November 30, 2016

_____
Jeff H. Horn, Esquire
Attorney for Barry Douglas Cohen

/S/ Michelle M. Smith
Michelle M. Smith
Acting Clerk of the Superior Court

**3027**

Horn Law Group, LLC
Attorney Business Account
801A Main Street
Toms River, NJ 08753
(732) 736-9300

Santander®
Santander Bank, N.A.
60-7269/2313

12/1/2016

PAY TO THE ORDER OF   Virginia Muscarella

$ **6.00

Six and 00/100*******************************************************************************************************

DOLLARS

Virginia Muscarella

MEMO   Subpoena Ad Testificandum

AUTHORIZED SIGNATURE

⑈00 30 27⑈ ⑆23 137 269 ⑈⑆    ⑈05 11 1 190 7⑈

---

Horn Law Group, LLC

**3027**

Virginia Muscarella

12/1/2016
Subpoena Ad Testificandum - Virginia Muscarella

6.00

---

Business Account    Subpoena Ad Testificandum

6.00

Horn Law Group, LLC

**3027**

Virginia Muscarella

12/1/2016
Subpoena Ad Testificandum - Virginia Muscarella

6.00

---

Business Account    Subpoena Ad Testificandum

6.00

PRODUCT DLT104    USE WITH 91683 ENVELOPE    Deluxe Corporation 1-800-328-0304 or www.deluxe.com/shop

F46446 STKCKO1 07/21/2016 23:44 -30-

**Jeff J. Horn**
**N.J. Attorney ID: 021371997**
**Horn Law Group, LLC**
**Attorneys At Law**
**801A Main Street**
**Toms River, NJ 08753**
**(732) 736-9300**
**(732) 281-2914 Facsimile**
**Attorneys for Barry Douglas Cohen**

|  |  |
|---|---|
| IN THE MATTER OF THE<br>ESTATE OF HARRY COHEN | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION-PROBATE PART<br>OCEAN COUNTY<br><br>**Docket No. 192158**<br><br>**CIVIL ACTION**<br><br>**ACKNOWLEDGMENT OF SERVICE** |

     The undersigned does hereby acknowledge service of a *Subpoena Ad Testificandum* on this _____ day of _____, 2016.

_____

_____
Date

_____
Served by Marianne Taft

**Exhibit G**

.        ‹

From: jhorn@hornlawgroup.net
To: CeCoRe@aol.com, mtaft@hornlawgroup.net
Sent: 12/1/2016 7:57:29 A.M. Central Standard Time
Subj: RE: Estate of Harry Cohen - Concerns

We are on top of the issues raised.

If you wish to supplement your rog answers please send to me asap.

Court rules provide 60 days for rog answers. Consent order narrowed that time frame to 30 days.
Sending a letter to adversary today.

Serving dep subpoena today or tomorrow for Muscarella.


Will get to the courthouse to look at Selma's pleading – don't want to charge you extra for a special trip.
I will be in the OC Courthouse next week and should be able to take a look on the "cheap". Thanks!



**From:** CeCoRe@aol.com [mailto:CeCoRe@aol.com]
**Sent:** Wednesday, November 30, 2016 3:14 PM
**To:** Jeff Horn
**Subject:** Estate of Harry Cohen - Concerns



Jeff,



I haven't seen the final version of my responses to the interrogatories, which Maryann said had been
forwarded to her attorney. (By the way, the cover letter from her attorney said that they were due in 30
days, but Maryann said my mother had 60 days to respond?)


More upsetting is the fact that Maryann told Lisa that you had not requested anything from Ginny yet, and
that what was prepared were deposition questions. Ginny has told us as soon my mother left the state
of NJ how to get her file and never mentioned depositions (she said it could be subpoena'ed) and I think
my mother's attorney needs to understand that there is a huge file on his client and on my father, and that
we are serious about getting it sooner rather than later. Also, the interrogatories for Ginny were based on
the interrogatories that I just responded to - so how can their set to me be acceptable but ours be
deposition questions? Please at a minimum send Ginny a request for production of her file (information

relating to Decedent before and after the Alzheimer's diagnosis, information relating to Respondent's mental state, lack of honesty and maybe even Respondent's relationship with my wife [she called Lisa whenever she thought someone had robbed her - both before and after my father's death, for example].

I am also concerned that you have not verified that the will attached to her response was in fact the original.

Barry

**Exhibit H**

**From:** Jeff Horn <jhorn@hornlawgroup.net>
**To:** 'CeCoRe@aol.com' <CeCoRe@aol.com>; Marianne Taft <mtaft@hornlawgroup.net>
**Subject:** RE: Estate of Harry Cohen
**Date:** Mon, Dec 19, 2016 2:12 pm

Update

I have drafted your response to alleged discovery deficiencies and will provide for your review.

I have drafted a subpoena for Manchester PD for your review.

Selma's Rog answers are once again over-due and a motion to dismiss is the next step

Other business – As a solo practitioner, resources can be stretched thin. Last week and this week I have trial prep and multiple trial dates scheduled that command virtually all my time. Juggling several client demands can lead to slower response times on the non-emergent. Reviewing a few emails leads me to the thought that you may be better served by a larger firm. There are many excellent firms that practice in this area of the law in the Ocean County vicinage. I ask that you contemplate substituting a larger firm in the coming days.

I will hold-off on taking any action this week so as to not impair the course of your representation with new counsel. Please let me know by the end of the week thank you.

**Exhibit I**

From: jhorn@hornlawgroup.net
To: CeCoRe@aol.com, mtaft@hornlawgroup.net
Sent: 12/1/2016 7:57:29 A.M. Central Standard Time
Subj: RE: Estate of Harry Cohen - Concerns


We are on top of the issues raised.

If you wish to supplement your rog answers please send to me asap.

Court rules provide 60 days for rog answers. Consent order narrowed that time frame to 30 days.
Sending a letter to adversary today.

Serving dep subpoena today or tomorrow for Muscarella.


Will get to the courthouse to look at Selma's pleading – don't want to charge you extra for a special trip.
I will be in the OC Courthouse next week and should be able to take a look on the "cheap". Thanks!



**From:** CeCoRe@aol.com [mailto:CeCoRe@aol.com]
**Sent:** Wednesday, November 30, 2016 3:14 PM
**To:** Jeff Horn
**Subject:** Estate of Harry Cohen - Concerns



Jeff,


I haven't seen the final version of my responses to the interrogatories, which Maryann said had been
forwarded to her attorney. (By the way, the cover letter from her attorney said that they were due in 30
days, but Maryann said my mother had 60 days to respond?)


More upsetting is the fact that Maryann told Lisa that you had not requested anything from Ginny yet, and
that what was prepared were deposition questions. Ginny has told us as soon as my mother left the state
of NJ how to get her file and never mentioned depositions (she said it could be subpoena'ed) and I think
my mother's attorney needs to understand that there is a huge file on his client and on my father, and that
we are serious about getting it sooner rather than later. Also, the interrogatories for Ginny were based on
the interrogatories that I just responded to - so how can their set to me be acceptable but ours be
deposition questions? Please at a minimum send Ginny a request for production of her file (information

relating to Decedent before and after the Alzheimer's diagnosis, information relating to Respondent's mental state, lack of honesty and maybe even Respondent's relationship with my wife [she called Lisa whenever she thought someone had robbed her - both before and after my father's death, for example].

I am also concerned that you have not verified that the will attached to her response was in fact the original.

Barry

**BARRY COHEN**
**18 Petalcup Place**
**The Woodlands, Texas 77381**
**Phone: (713)805-4466**

| | | |
|---|---|---|
| Barry Cohen | : | SUPERIOR COURT OF NEW JERSEY |
| | : | CIVIL DIVISION, OCEAN COUNTY |
| | : | |
| VS. | : | Docket No. |
| | : | |
| Jeff J. Horn and The Horn | : | CIVIL ACTION |
| Horn Law Group, LLC | : | |
| | : | PLANTIFF'S FIRST SET |
| | : | REQUESTS FOR ADMISSIONS |
| | : | |

COMES NOW, Barry Cohen, individually and as Co-Trustee of the Last Will and Testament of Harry Cohen, Plaintiff (the "Propounding Party") and files this his First Set of Requests for Admissions pursuant to Rule 4.22 on Jeff Horn and The Horn Law Group (collectively, the "Responding Party") and requests that the Responding Party respond to the following discovery requests in accordance with the Rules Governing the Courts of the State of New Jersey. The Propounding Party has used certain words with defined meanings as set forth in the Definitions section, below. When responding, please note the following as required under R. 4:22-1: (1) Each matter is admitted unless, within 45 days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. (2) If objection is made, the reasons for the objection shall be stated. (3) If not admitted, your answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. (4) A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. (5) An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless stating that a reasonable inquiry was made and that the information known or readily obtainable is insufficient to enable an admission or denial. (e) A party who considers that a matter of which an admission has been requested presents a genuine issue for trial, may not, on that ground

alone, object to the request but may, subject to the provisions of R. 4:23-3, deny the matter or set forth reasons for not being able to admit or deny. Copies of relevant documents have been attached to Plaintiff's Original Complaint, to which reference is hereby made.

Dated: _1-21-19_

Barry Cohen, Plaintiff Pro Se

### PROOF OF SERVICE

In accordance with R. 1:5-3, I certify that the within discovery requests were served in accordance with R. 1:5-2, by service by process server along with Plaintiff's Original Complaint, on Jeff Horn and The Horn Law Group, 801A Main Street, Toms River, New Jersey 08753.

Dated:_1-21-19_

Barry Cohen, Plaintiff Pro Se

**DEFINITIONS**

**Legal Matter** shall mean that certain case styled In The Matter of the Estate of Harry Cohen, filed in the Superior Court of New Jersey-Probate Part, Ocean County, Docket Number 192158

**Probated Will** shall mean The Last Will and Testament of Harry Cohen filed in the Probate Records of Ocean County on July 27, 2011 and the subject of the Legal Matter.

**Representation Period** shall mean the period of time between May 6, 2016 through February 6, 2017

**Scheduling Order** shall mean the Case Management Scheduling Order dated September 7, 2016 relating to the Legal Matter and signed by Defendants.

**Senior Services Subpoena** shall mean the Subpoena Ad Testificandum served on Virginia Muscarella, Senior Services of Manchester Twsp. by letter dated December 2, 2016 in connection with the Legal Matter.

**Subsequent Will** shall mean the Last Will and Testament of Harry Cohen dated January 2, 2009, produced by the defendant in the Legal Matter.

**ADMISSION REQUESTS**

1.  You were Plaintiff's attorney of record in the Legal Matter throughout the Representation Period.

    Admit_____          Deny_____

2.  The Scheduling Order was agreed to and signed by you as attorney for Plaintiff.

    Admit_____          Deny_____

3.  Your email address throughout the Representation Period was jhorn@hornlawgroup.net

    Admit_____          Deny_____

4.  That you never reviewed the records of the Ocean County Surrogate to determine whether the sole Executrix named in the Probated Will complied with the requirements bestowed upon her in connection with the issuance of Letters Testamentary relating to the Probated Will.

    Admit_____          Deny_____

5.  That you never questioned the validity of the certification signed by the sole Executrix
    named in the Probated Will after she located the Subsequent Will.
    Admit_____        Deny_____

6.  That you never contacted the Ocean County Surrogate to determine whether the sole
    Executrix complied with the other requirements bestowed upon her in connection with the
    filing of the Probated Will.
    Admit_____        Deny_____

7.  That, upon the defendant's filing of the Subsequent Will, you never questioned the
    authenticity of the certification filed by defendant in the Legal Matter in connection with
    the filing of the Probated Will.
    Admit_____        Deny_____

8.  That you never advised Plaintiff that the defendant in the Legal Matter had not properly
    completed the probate process in connection with the Probated Will.
    Admit_____        Deny_____

9.  That the responses to interrogatories and request for production served by you on the
    defendant in the Legal Matter were due on November 15, 2016.
    Admit_____        Deny_____

10. That the responses to interrogatories and request for production the subject of Request for
    Admission 9 hereinabove were not received by you on or before November 15, 2016.
    Admit_____        Deny_____

11. That Plaintiff told you verbally and in writing that he did not consent to any extensions to
    the dates set forth in the Scheduling Order.
    Admit_____        Deny_____

12. That you wrote or caused to be written and transmitted or caused to be transmitted to
    Plaintiff the emails from jhorn@hornlawgroup.net attached to Plaintiff's Original Complaint
    in this legal proceeding.
    Admit_____         Deny_____

13. That the extension granted to the attorney for the defendant in the Legal Matter to
    respond to discovery requests was not authorized by Plaintiff.
    Admit_____         Deny_____

14. That the responses to interrogatories and request for production served on you by the
    defendant in the Legal Matter were due on November 15, 2016.
    Admit_____         Deny_____

15. That draft responses to the responses to interrogatories and request for production in the
    Legal Matter were provided to you by Plaintiff on November 11, 2016 (see Exhibit A)
    Admit_____         Deny_____

16. That the responses to interrogatories and request for production the subject of Request for
    Admission 15 hereinabove were not returned by you to the attorney for the defendant in
    the Legal Matter on or before November 15, 2016.
    Admit_____         Deny_____

17. That the responses you did provide to the attorney for the defendant in the Legal Matter
    were the same or substantially the same as the draft responses provided to you by Plaintiff,
    without so much as correcting or clarifying terms Plaintiff used in his draft responses.
    Admit_____         Deny_____

18. That at all times during the Representation Period, Maryanne Taft was a non-attorney
    employee of The Horn Law Group.
    Admit_____         Deny_____

19. That at all times during the Representation Period, Maryanne Taft's email address as a member of the staff of The Horn Law Group was mtaft@hornlawgroup.net.

Admit_____          Deny_____

20. That you wrote or caused to be written and transmitted or caused to be transmitted to Plaintiff the email dated November 30, 2016, correcting a statement made by Maryanne Taft and relating to work you were going to do, after receiving and reviewing the email received by you from Plaintiff, a copy of which is attached hereto as Exhibit B.

Admit_____          Deny_____

21. That you were informed that the attorney for the defendant in the Legal Matter contacted the deponent, a key witness after the issuance of a Senior Services Subpoena.

Admit_____          Deny_____

22. That you scheduled the response date of the Senior Services Subpoena for a date after the date for completion of depositions of witnesses set out in the Scheduling Order.

Admit_____          Deny_____

23. That you consented to reschedule the response date of the Senior Services Subpoena to a date after the date for completion of depositions of witnesses set out in the Scheduling Order.

Admit_____          Deny_____

24. That you never verified the authenticity of the Subsequent Will despite repeatedly agreeing to do so.

Admit_____          Deny_____

25. That you received a Motion to Quash the Senior Services Subpoena on the morning of the re-scheduled deposition.

Admit_____        Deny_____

26. That you were Plaintiff's attorney of record when you received the Motion to Quash the
    Senior Services Subpoena.
    Admit_____        Deny_____

27. That you filed no pleadings in response to the Motion to Quash the Senior Services
    Subpoena.
    Admit_____        Deny_____

28. That you were provided with the draft response to the Motion to Quash the Senior Services
    Subpoena.
    Admit_____        Deny_____

29. That you issued a Notice of Deposition and Subpoena Duces Tecum to the Manchester
    Village Police with a return date after the discovery cut-off date set forth in the Scheduling
    Order.
    Admit_____        Deny_____

30. That you were specifically asked by your client to not have those records subpoenaed
    because they were otherwise available.
    Admit_____        Deny_____

31. That you received a Motion to Quash the deposition and subpoena duces tecum of the
    Manchester Village Police while you were the attorney of record for Plaintiff.
    Admit_____        Deny_____

32. That you did not file any pleadings in response to the Motion to Quash the Subpoena
    served on the Manchester Village Police.
    Admit_____        Deny_____

33. That you provided your client with a copy of the Notice of Hearing purportedly corrected by the Ocean County Court rescheduling the hearing on the Motion to Quash the Senior Services Subpoena from January 23, 2017 to February 9, 2017, a copy of which is attached hereto as Exhibit C.

   Admit_____          Deny_____

34. That hearings on both Motions to Quash mentioned hereinabove were held on February 6, 2017.

   Admit_____          Deny_____

35. That at no time during the Representation Period Maryanne Taft was employed by The Horn Law Group.

36. Admit_____          Deny_____

37. That at no time during the Representation Period were there any licensed professionals in The Horn Law Group other than Jeff J. Horn.

   Admit_____          Deny_____

**Exhibit A**

**CeCoRe** CeCoRe@aol.com Hide

To **jhorn** jhorn@hornlawgroup.net

Cc **mtaft** mtaft@hornlawgroup.net

Responses 11-11.docx (133 KB)

Dear Jeff: Attached are responses. Did you ever go the court to 'verify' that the original 2009 will was attached to her pleadings?  We are available this week end if you need to talk.

Regards,

Barry Cohen
713.805.4466 (cell)

or

Lisa Cohen
281-543.1734 (cell)

**Exhibit B**

From: jhorn@hornlawgroup.net
To: CeCoRe@aol.com, mtaft@hornlawgroup.net
Sent: 12/1/2016 7:57:29 A.M. Central Standard Time
Subj: RE: Estate of Harry Cohen - Concerns


We are on top of the issues raised.

If you wish to supplement your rog answers please send to me asap.

Court rules provide 60 days for rog answers. Consent order narrowed that time frame to 30 days.
Sending a letter to adversary today.

Serving dep subpoena today or tomorrow for Muscarella.


Will get to the courthouse to look at Selma's pleading – don't want to charge you extra for a special trip.
I will be in the OC Courthouse next week and should be able to take a look on the "cheap". Thanks!



**From:** CeCoRe@aol.com [mailto:CeCoRe@aol.com]
**Sent:** Wednesday, November 30, 2016 3:14 PM
**To:** Jeff Horn
**Subject:** Estate of Harry Cohen - Concerns



Jeff,


I haven't seen the final version of my responses to the interrogatories, which Maryann said had been
forwarded to her attorney. (By the way, the cover letter from her attorney said that they were due in 30
days, but Maryann said my mother had 60 days to respond?)


More upsetting is the fact that Maryann told Lisa that you had not requested anything from Ginny yet, and
that what was prepared were deposition questions. Ginny has told us as soon as my mother left the state
of NJ how to get her file and never mentioned depositions (she said it could be subpoena'ed) and I think
my mother's attorney needs to understand that there is a huge file on his client and on my father, and that
we are serious about getting it sooner rather than later. Also, the interrogatories for Ginny were based on
the interrogatories that I just responded to - so how can their set to me be acceptable but ours be
deposition questions? Please at a minimum send Ginny a request for production of her file (information

relating to Decedent before and after the Alzheimer's diagnosis, information relating to Respondent's mental state, lack of honesty and maybe even Respondent's relationship with my wife [she called Lisa whenever she thought someone had robbed her - both before and after my father's death, for example].

I am also concerned that you have not verified that the will attached to her response was in fact the original.

Barry

**Exhibit C**

Christopher D. Olszak, Esquire
NJ Attorney ID #017292001
Law Office of Olszak & Olszak, L.L.C.
Leisure Square Mall
1000 State Highway No. 70
Lakewood, New Jersey 08701
(732) 367-7775
Attorney for Respondent, Selma Cohen



|  |  |
|---|---|
| IN THE MATTER OF THE ESTATE OF HARRY COHEN, Deceased | : SUPERIOR COURT OF NEW JERSEY<br>: CHANCERY DIVISION-PROBATE PART<br>: OCEAN COUNTY<br>:<br>: DOCKET NO. 192158<br>: Civil Action<br>:<br>: NOTICE OF MOTION TO QUASH<br>: SUBPOENA *AD TESTIFICANDUM* |

TO:  Jeff J. Horn, Esquire
     Horn Law Group, LLC
     801A Main Street
     Toms River, New Jersey 08753

PLEASE TAKE NOTICE that the undersigned, attorney for the Respondent,

Selma Cohen, shall apply by way of Motion pursuant to, inter alia, New Jersey Rules

Governing Civil Practice 4:10-2 and 4:10-3 to the Ocean County Superior Court, Probate

Part at the Ocean County Courthouse, Courtroom 2, 118 Washington Street, Toms River,

New Jersey, on ~~January 23, 20~~17 *February 9* at 9:00 a.m., or soon thereafter as the matter can be

heard, for an Order Quashing the *Subpoena Ad Testificandum* dated November 30, 2016

that was served upon Virginia Muscarella, of the Manchester Senior Services Department

Township pursuant to New Jersey Court Rule 4:10-3.

(A)  PLEASE TAKE FURTHER NOTICE that, in support of this motion, the

Respondent shall rely upon the accompanying brief and certification of counsel. A

proposed form of order is submitted herewith.

1

(B)    PLEASE TAKE FURTHER NOTICE that the Respondent requests oral

argument only if opposition is timely filed.

Law Office of Olszak and Olszak, LLC

Dated: December 22, 2016

By: Christopher D. Olszak, Esquire
Attorney for Respondent, Selma Cohen

2

### SUMMONS

Attorney(s) Barry Cohen, Plaintiff Pro Se

Office Address  18 Petalcup Place

Town, State, Zip Code  The Woodlands, Texas  77381

Telephone Number  713-805-4466

Attorney(s) for Plaintiff

Barry Cohen

---
Plaintiff(s)

vs.

Jeff J. Horn and The Horn Law Group

---
Defendant(s)

## Superior Court of
## New Jersey

Ocean _____ County

Civil _____ Division

Docket No: _____

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____

Clerk of the Superior Court

DATED: _____

Name of Defendant to Be Served:  Jeff J. Horn

Address of Defendant to Be Served:  801 Main Street, Toms River, New Jersey 08753

**Appendix XII-B1**

| **CIVIL CASE INFORMATION STATEMENT** (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | **FOR USE BY CLERK'S OFFICE ONLY** |
|---|---|
| | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME Barry Cohen, Pro Se | TELEPHONE NUMBER (713) 805-4466 | COUNTY OF VENUE Ocean |
|---|---|---|
| FIRM NAME (if applicable) | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS 18 Petalcup Place The Woodlands, Texas 77381 | | DOCUMENT TYPE Plaintiff's Original Complaint |
| | | JURY DEMAND ☐ YES ■ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Barry Cohen, Plaintiff | CAPTION Barry Cohen vs. Jeff J. Horn and The Horn Law Group |
|---|---|

| CASE TYPE NUMBER (See reverse side for listing) 607 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ■ YES ☐ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING? ☐ YES ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ■ OTHER (explain) Defendants represented Plaintiff in a legal matter |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES ☐ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *Barry Cohen Plaintiff Pro Se*

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

### Track III - 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 285  STRYKER TRIDENT HIP IMPLANTS
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 289  REGLAN
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297  MIRENA CONTRACEPTIVE DEVICE
- 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300  TALC-BASED BODY POWDERS
- 601  ASBESTOS
- 623  PROPECIA
- 624  STRYKER LFIT CoCr V40 FEMORAL HEADS
- 625  FIREFIGHTER HEARING LOSS LITIGATION
- 626  ABILIFY
- 627  PHYSIOMESH FLEXIBLE COMPOSITE MESH
- 628  TAXOTERE/DOCETAXEL
- 629  ZOSTAVAX

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**